Williams, Judge,
delivered the opinion of the court:
This is a suit to recover the sum of $625.00, which as liquidated damages the defendant deducted in paying the plaintiffs the contract price for certain road construction performed by the plaintiffs at Hot Springs National Park, Arkansas.
The contract under which plaintiffs performed the work in question contains a provision which fixes the sum of $25.00 per day as liquidated damages for each and every secular day plaintiffs failed to complete the work after the date fixed for the completion thereof in the contract. It is also provided in the contract that the collection of such liquidated damages may be waived in whole or in part, in the discretion of the Secretary of the Interior. It also provides that if plaintiffs should by force or violence of the elements, or by other circumstances beyond their control, and not by any fault of theirs or their agents be prevented from completing the work within the time specified in the contract, such additional time may be allowed in writing as in the judgment of the Secretary of the Interior may be just and reasonable, and such allowances and extension shall in no manner affect the rights and obligations of the parties, but the same shall subsist, take effect, and be enforceable precisely as if the new date for such commencement and completion had been the date originally agreed upon.
Before the date fixed in the contract for the completion of the work the plaintiffs made application for an extension of time in which to complete the work under the contract. On December 10, 1926, the plaintiffs were granted *744 by the Assistant Secretary of the Interior tbe extension of 30 days in which to complete the work. The plaintiffs completed the work within the 30 days.
The work was accepted by the Government and the plaintiffs were paid the amount due them tinder the contract, less. $625, which the Comptroller General held should be deducted as liquidated damages because the contract was not completed within the time specified in the contract.
The sole issue before the court is the validity of the act of the Assistant Secretary of the Interior granting the extension of time for the completion of the work under the contract.
The 30 days’ extension of time granted by the Assistant. Secretary of the Interior was made on the recommendation of the acting chief civil engineer and was concurred in by the acting director of the National Park Service. The acting chief civil engineer in recommending that the time for the completion of the work be extended gave the following reasons why such extension should be granted:
(1) The paver was sidetracked en route, delaying delivery several days; (2) the delivery of the expansion material was delayed approximately 3 weeks beyond the time when delivery could reasonably have been expected; (3) two successive shipments of sand were rejected by the Government engineer on account of failure of the material to meet specifications; (4) the contractor is making diligent effort to push the work as rapidly as possible; (5) the possibility that the Government’s delay of 30 days in approving the contract may have been partly the cause of delay in delivery of paver; and (6) the contemplation of extra work on contract.
The Assistant Secretary of the Interior had ample authority under the terms of the contract to grant the plaintiffs the 30 days’ extension of time. The language of the contract specifically gave him this authority under certain conditions named therein, and authorizes such an additional allowance of time for the completion of the contract as may be just and reasonable, and further provides that “such allowance and extension shall in no manner affect the rights and obligations of the parties hereto, but the same shall *745 subsist, take effect, and be enforceable precisely as if tire new date for such commencement or completion had been the date originally agreed upon.”
The Assistant Secretary of the Interior decided that plaintiffs were entitled to an extension of 30 days’ time to complete the work, and granted such extension. As a result of this action the date within which plaintiffs were required to complete the work was extended to January 15, 1927. The work was completed within that time and the rights and obligations of the parties to the contract are •exactly the same as they would have been had the work been completed within the time originally fixed.
Under these circumstances the plaintiffs are not liable for liquidated damages provided in the contract. Maryland Steel Company of Baltimore County v. United States, 235 U. S. 451.
The contract entered into by and between the plaintiffs and the defendant has been fully performed. The work performed by the plaintiffs under the contract has been accepted and the plaintiffs are entitled to be paid the full amount of the contract price. They are therefore entitled to a judgment in the sum of $625.00, the amount wrongfully withheld as liquidated damages. It is so ordered.
Littleton, Judge-, GREEN, Judge; Gkaham, Judge-, and Booth, Chief Justice, concur.